Alivia J. Stricklin, Pro per
P. O. Box 1495
Monterey, CA 93942
831-220-5720
email: jason21jeneen5194@yahoo.com

FILED
DEC 27 2023
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

LEE AND ALIVIA J. STRICKLIN,

Plaintiffs,

vs.

UNITED STATES OF AMERICA

Defendants,

Case No.: **23-cv-4870 MMC**

Plaintiffs Opposition Dismissal and Collateral Loss/Void Judgment Of Requirements P-250276

Date: Friday January 12, 2024
Time 10:30 a.m.

Plaintiffs Brief in Opposition to Defendants Notice of Motion
<u>Motion to Dismiss</u>

<u>Statement of the Case</u>

Defendants are moving to dismiss this action on the grounds that the claims are non-justiciable, that the suit is barred by Statute of Limitation, and that the Plaintiffs lack standing to bring all Federal and State claims against "Individual Capacity" Claimants.

The Defendants have no merits to their request on the grounds of previous "Defendant imposed" *Void Judgment P-250726*. Your Honor their request is unlawful and should be denied. Secondly Defendant(s) and Counsel refused to in plain language present true facts regarding this matter and the attached Void Judgment P-250726, misstated facts that do not merit this probate and Defendants Probate Specialist defense matter...the Counsel *"simply microscope Statute of Limitations"* not challenging the case law and no discussion of the narrative.

This Petition is A Collateral "Void Judgment" Event
Legally Judicial Judgments Have No
Bearing on The Defedants Statute of Limitations Discussions

The Biggest abuse defendants refuse to address "who invited Mr. Michael Young Company" to represent 1502 Stuart Street Berkeley, California. Challenges" silently and privately under charges of not being hired by the Berkeley Stricklin family. Real estate law and disclosure hiring is supported by California Real Estate Law and California Real Estate Commission.

ask the Court to reject the Defendant Mr. Michael Young Company and represented by Counsels, Kaufman Dolowich & Voluck LLP and today Friday, January 12, 2024 the Petitioner Plaintiff on behalf of Lee A. Stricklin, deceased files a general Opposition to Dismissal based on

A claim against "Federal interference some deceased DOJ executive and Advocate Judicial Practitioners, State of California Deputy Receiver. In with this appeal unfortunately all Defendants engaged in "quick shakedown for money and senior financial abuse." The collateral interference "switched and distracted and removed valuable income finances, property." Voided

Probate plans Claim P-250276, County of Alameda, Superior Court California yeas 1998 through 2001.

The federal executive team J.H. Glazer, "known as military recruiter" had previously been ask to appear in Superior Court, State of California. Aside from this confusion, all Defendants "individual capacity" arranged among one and other, this formal conspiracy [thereby the State of California acting as actual receiver of malicious plot against deceased homeowner in this real estate taking].

Secondly, the State of California well aware she would be receiver (and the Honorable Margulies designated State employee trustee Appointed Trustee.). Were today "Fraud Upon the Court" and financial crimes caused by all individual capacity Defendants. Mr. Michael Young Company Knowingly entered into a "Trust Busting" matter to alter the ownership rights of deceased senior Berkeley, California.

Defendants Have Not Establish Discovery Foundation
<u>Evidential Facts For Professional Involvement</u>

The Legal Standard required violation rest under lawful operation of Res Judicata and applications of recovery for "government preempting" of private taking confiscation and attacking "senior care court hearings, Void Judgment. For all purposes parties excessive time, reintroduction is not relevant to drawing facts. The legal standard was interrupted and intentionally "rearranged." Void Judgment, Fraud *Upon the Court* and incognito "receiver /appointed Trustee *Matter P-250726-0.*

The Michael Young Company Claimed Interest
This is Substantial Defendant Fraud Upon Probate Matter
<u>To Confiscate of 1502 Berkeley, California 94703</u>

Mr. Young silently and privately Summons to take Mr. Stricklin's home long before early as 1985/1986, and during the years 1998 through 2001 "unknown to the family of Berkeley 1502 Stuart Street "claimed interest relating (by silent negotiation; none disclosure to owners of the physical property." The Probate Specialist listed Old Republic Title Sellars Receipt., disposing of waiving professional California Trust Administration law, waiving California Probate Specialist regulations and proceeded in excess of one year with taking of residence silently.  To relinquish seniors known home ownership rights.  *Gould v. Corinthian Colleges, Inc. (2011) 192 Clapo. 4th 1176, 1179; Rubin v. Los Angeles Fed. Sav & Loan Assn'. (1984) 159 Cal.App.3d 292, 298.*

Although silence or inaction does not ordinarily amount to consent, it may be taken as consent where the silent party had a duty to speak.

Mr. Young Company "Probate Specialist" interrupted family-owned East Bay Berkeley California real estate – land holdings, relevant to Lee A. Strickland, Sr. Revocable Trust.  *Title 42 U.S.C. Statute 3605* against all Defendants individual capacity the *Public Health and Welfare Chapter 45, Fair Housing Subchapter 1 generally Section 3605,* discrimination in residential real estate related transactions and resulting injury "fraudulence beyond deliberate indifference including misrepresentation with selling, brokering or appraising of residential real property.... loans State of California by contrary to intended legal protections and welfare of upkeep for improving, is a matter of prejudgment interest.

Once State of California Discovered Lee A. Stricklin, Sr. Revocable Trust" the Collateral Attack and Fencing With <u>The Honorable Margulies Began</u>

State of California fraud *misstated purpose*, State of California adversely changed the "course and terms regarding the "senior hearings." Superior Court Soft Notes dated Wed., Oct. 7, Thur. Nov. 12, Thur, Dec 10, and Wed, Mar 10, 1999 available for review by Plaintiff [and Department 23 court Records Division, Oakland California).  What proceed, Defendants none Jurisdiction actions "disregard and disrespect of putting owner out of his home– interference."

The deceased, no bill or debt made victim by the State of California who silently decided to apply for a $53,000 thousand dollars [second mortgage from the states credit Union (listed on Old Republic).  Made checks out in her name unaccounted and had set up "Purchase of new home" Oakland, California week "senior passed away.

Defendants Continue to manage this claim as an "excess liability."  Key takeaways:  Spending $200,000.00 Thousand Dollars Over in the <u>conspiracy</u> unauthorized to write the  following checks; Bank of America check number 1922, 1923, 1926, 1928, 1948, 1950, 1951, 1952, 1967, 1969, 1970, 1974, 1973, 1976.  The amount of $200,000.00 out of the private account of Lee A. Stricklin, Sr. conspiracy to satisfy "financial abuse against deceased homeowner Lee A. Stricklin, Sr. and the Berkeley household."

These same defendants have misconstrued the duty and mis-applied their professional functions., <u>*California 10177.3 (a),*</u> no licensee shall knowingly of intentional misrepresent the value of real property.  (b) No licensee that offers or provides an opinion of value of residential real property that is used as the basis for ... within the meaning of Section 226.42(d) of Title 12 of

the Code of Federal Regulations and the accompanying commentary contained in Volume 75 of the Federal Register, page 66554, dated October 28, 2010.

### Procedurally Kaufman Dolowich & Voluck LLP, San Francisco Division
### Procedurally Dealt With What Was Told to The Firm
### <u>None Truths Lost Forgotten Facts By Realtor</u>

Request dismissal on challenges and the false claims put out by their Defendant. A Court against must accept all of the allegations in the Plaintiff's complaint as true and construe the facts in a light most favorable to the plaintiff case.

<u>Fed. R. of Proc. 8 (a)</u>

The plaintiff need only provide "a short and plain statement of the grounds upon which the court's jurisdiction depends," "a short and plain statement showing that the pleaser is entitled to relief," and "a demand for judgment for the relief the pleader seeks." As the United States Supreme Court has recently provided, however, "a plaintiff's obligation to provide the 'grounds' of his/her 'entitlement to relief' requires more than labels and conclusions, and in this formulaic narration of "Statute of Limitations" of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007).

12 (b) (1)

Attacks in Two Forms, and the above Counsel has not only *missed those facts but apparently mis-informed by his client*. Facial attacks look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction which derives from the Void Judgement P-250726. All allegation in this complat is taken from and following the P-250726 which invited 23-cv-4870.

6

Defendants Legal Analysis Is Not Connect to Main
Narrative of this Matter The Statute of Limitations , Procedural Defendant
<u>Focus Not the Actual Claim of Facts, Discovery and Evidence</u>

In Twombly, the Supreme Court expressly "retired" Conley. See Ameri, **Dental Assoc., 2010 U.S. App LEXIS 9928 at \*10** (Citing **Twombly, 550 U.S. at 563**). Justice Black wrote for the Court in Conley of "the Accepted Rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support oof his claim which would entitle home to relief." See Id. (quoting **Conley, 355 U.S. at 45-46**). In rejecting that language, the Court in Twombly noted that…read the rule so narrowly and literally that a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleading left open the possibility that a plaintiff might later establish some set of undisclosed facts to support

The role of Congress mandated agencies is consistency, predictability and uniformity when adjudicating cases (when did misrepresentation of client characters become significant to the USA.) against I the claimant, Expungement is significant." The State of California removed the deceased from his residence under direction of federal preemption USN authority, where The in closing should justify narrowing of issues and Plaintiff being awarded a Summary Judgement Rule 56 because the Defendants all three "core actions two of three individuals DOJ practitioners and several years general services not young and I don't believe "associate level" attorney have waived their immunity, and all parties had no "personal jurisdiction and neither did thy hold subject matter jurisdiction.

Parties Failed to Provide Identity, Have Waivered Jurisdiction

Default Judgments, Summary Judgement Remedy Settlemtn

The Court's inherent power to set aside the default judgment by showing extrinsic fraud or mistake exists with this Department 23 Superior Court Matter P-250726 County of Alameda, State of California. "[E]vent where relief is no longer available under statutory provisions, a trial court generally retains the inherent power to vacate a Default Judgment or Order on equitable grounds where a party establishes that the judgment or Order was void for lack of due process. (in this matter Estate Planning, trust and probate law is the practice of law dealing with creation, protection and disposition of a client's assets, during life and upon and after death

Federal Rule of Civil Procedure 37(c)(1) states that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), then the party is forbidden to use that information or witness to supply evidence on a motion, at a hearing, or at a trial. "A party must disclose documents and the identity of witnesses likely to have discoverable information that the party may use to support its claims. For Federal and State Employees to ignore their duties Fed.R.Civ.P. 26(a) (1), a party can be sanctioned for not providing all required information. Or that which has resulted from extrinsic fraud or mistake." (County of San Diego v. Gorham (2010) 186 Cal.App.4th 1215, 1228.).

Such motion may be made at any time, provided the party acts with diligence upon learning of the relevant facts. (Trackman v. Kenney (2010) 187 Cal.App.4th 175, 18.) Defendant has not moved to set aside the default judgment on the ground of extrinsic fraud or mistake. "Because of the strong public policy in favor of the finality of judgments, equitable relief from a default judgment or order is available only in exceptional circumstances. [Citation.]" (Pulte Homes Corp.

v. *Williams Mechanical, Inc.* (2016) 2 Cal.App.5th 267, 275-276.) Defendant has not moved for relief on the showing of any exceptional circumstances.

Dated: ~~January 12, 2024~~ of
DEC 20, 2023

By: /s/ Alivia J. Stricklin

Alivia J. Stricklin, Plaintiff Pro per