Document Seven (7)

**FILED**
DEC 27 2023
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Alivia J. Stricklin, Pro per
P. O. Box 1495
Monterey, CA 93942
831-220-5720
email: jason21jeneen5194@yahoo.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALIVIA J. STRICKLIN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendants, | Case No.: 23-cv-4870 MMC<br><br>**Plaintiff Notice of Motion & Motion to Request for Summary Judgement Rule 56** for *Wrongful Gov't Real Estate Taking*, Unknown 3rd Party Probate, Gov't Judge Advocate USN, Inv. Tele-direct *Assumption of Risk* Against Plaintiffs Homeownership Survivorship<br><br>Date: January 12, 2024 Friday - 10:30 a.m. |

Petitioner Notice of Motion
For Summary Judgment Against Defendants

Under *Rule 56*, in order to succeed in a motion for summary judgment, a movant must show 1) that there is not genuine dispute as to any material fact, and 2) that the movant is entitled to judgment as a matter of law. All Defendants have left "paper trails material facts which non-dispute their harm and causation of creating friction tension "senior financial abuse gain" and

1 | PAGE

taking of Plaintiffs (deceased property personal and retirement for federal preempted "DOJ senior feeble instructions -which could have been resolved during the early 1980's.

## Plaintiff Request Summary Judgment Based on Below Undisputed Facts

Plaintiff ask the district court for Summary Judgment to settle lawsuit for personal injury and property taking preempted by the above case number; military Judge Advocate agency exigent fraud enforcement [relying based on race false defamation "and false restructuring of "investigation claims" to satisfy USN veteran preferences.]. The State of California fraud misrepresentation, connection to collaterally sabotage Court events, aided and abetted San Francisco Realtor "Probate Specialist" which frustrated and allowed silently home ownership financial abuse activity (a Karen Tele-direct coordinating months/years).

### Additional Grounds for Summary

A Party Affected by Void Judicial Action <u>Need Not Appeal.  The Defendants</u> Failure to present *<u>Specific Objections.</u>*   To a Proposed Statement of Decision Waives the Right to Claim on Appeal that It Is Deficient in Those Respects.  State ex rel. Latty, 907 S.W.2d at 486.  It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." Ex parte Spaulding, 687 S.W.2d at 745 (Teague, J., concurring).  If an appeal is taken, however, the appellate court may declare void any orders the trial court signed after it lost plenary power over the case, because a void judgment is a nullity from the beginning and is attended by none of the consequences of a valid judgment.

All Individual Capacity Defendants
<u>Refuse to Acknowledge Isolated Risk Deceptive and Fraud</u>

However, such a pain and suffering award is limited to a maximum recovery of $250,000.  See *Welf. & Inst. Code, Statute 15657 (b)*. California State Bar and ABA, Virginia State Bar and ABA, Authorities and Cal Real Estate Licensing Authorities and State of California Real Estate

Commission will be notified on professional waiver of authorities and taking of senior residential owned homes.

## In Summary Defendants "All Individually " Waived Professional Duty Personal & Subject Matter Jurisdiction

Once a judgment is entered, trial courts lose jurisdiction to set aside or amend the judgment except in accordance with statutory procedures. (*APRI Ins. Co. v. Superior Court (1999) 76 Cal. App.4th 176, 182; Rochin v. Pat Johnson Mfg. Co. 1998) 67 Cal.App. 4th 1228. 1238.*).

There have been no revelations by any of the opposing parties. Both "known and unknown" Defendant(s). This response is for all and against all Defendants, also and to Probate Specialist who has sought Counsel and responded re. real estate. All levels of silence continues where if a foreclosure issues, equitable subrogation "side investment that plaintiffs unfamiliar with has not surfaced." A duty to defend the underlying claim even in the absence of a duty to indemnify. Hollingsworth v. Chrysler Corp. (Del. 1965) 208 A.2d 61.). In other words, the contractual duty to defend a claim by be broader than, and arise more often than, the duty to provide indemnity from a loss or judgment. See, Ricks Mushroom Svc, Inc. 2002.

A judgment can be void for lack of personal or subject matter jurisdiction or for the granting of relief which the trial court had no power to grant. A trial court has the inherent power to set aside a judgment void on its face at any time in this matter P-250726. Connelly v. Castillo (1987) 190 Cal.App.3d 1583; Strathvale Holdings v. E, B, H. (2005) 126 Cal.App.4th 1241, 1249.

Undisputed Unknown actors, Probate Specialist and State of California "appt Trustee" remained "Set Apart "and worked against the senior homeowner rights to continued ownership Constitution California and the United States. Code Civ. Proc. Statute 410.10. The assertion of

personal jurisdiction by a California court is proper if it "comports with the limits imposed by federal due process." Young v. Daimler AG (2014) 228 Cal. App. 4th 855, 865.

Mr. Young services *were never requested and he was never summons to take the home of the deceased.* While Mr. Michael Young Company, positively unknown "A summons is the process by which a court acquires personal jurisdiction over a defendant in a civil action, and a defendant has an absolute right to demand that process be issued against him in a manner prescribed by law." *Mannesmann DeMag, Ltd. V. Super. Ct. (1985) 172 Cal.App.3d 1118, 1122.* Due process of the law was to be carried out under communication with the "homeowners." Berkeley, California years 1998 through 2001.

## Legal Standard and Requirements
### Res Judicata and Void Judgments

First, I the plaintiff is barred from bringing claims that have already been dismissed in he previous 2017 action in this court, Strickland v. U.S., No. 17cv4733. Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) ("Res judicata, or claim preclusion prohibits lawsuits on any claims that were raised or could have been raised in a prior action.") (emphasis in original omitted; internal quotations omitted). Thus, she must amend her complaint t only include claims and facts that were not at issue in case number 17cv4744.

But today Res judicata will not bar a second suit based on new "in addition" allegations raised. Res Judicata cannot extinguish claims "that did not exist and which, therefore, could not possibly have been raised in a prior lawsuit."

Secondly, while *Res Judicata* and *Void Judgements* are not meant to legally compete [*from claimants understanding,* each having there statutory referenced authority pertaining to termination of events] the Year 1998 Court Senior Care Hearing/Legal Seniors representation County of Alameda (would have ruled differently) if the fraud indicators would have been a known revelation {"Probate Specialist"} and in the face of revocable trust "financial destruction"

4 | P A G E

Document Seven (7)

claimant believes an apparent "pre-involved degree of fault obviously evident, to keep defendants and government from talking. .

## Undisputed This Senior Home Interruption
## Taking is Not a Collusive Suit

This claim is not collusive, in other words the actors/parties defense "in their individual capacity" intentionally came on board "bandwagon for benefits, cash promotion and advantages. Collusive suits sometimes arise when people accidently cause harm to their friends or family members. In these scenarios, the risks of collusive suit are large because an insurance policyholder may want their friend/family member to receive a payout and thus the parties are not in disagreement

Movant will make an effort following the 2023 Christmas Holiday to notify the *license and professional standard bureaus connected to all Defendants*. Including, California Department of Real Estate should be made aware of all events as well as notifying "The Commissioner." Also, according to The *California Real Estate Commission May Section 10177*

(b) (1) Entered a plea of guilty or no contest to, or been found guilty of, or been convicted of, a felony, or a crime substantially related to the qualifications, functions, or duties

(c) Knowingly aided in the publication, advertisement of false "material statements" concerning the designation or certification of special "Probate Education." *Plaintiff further admits:* Realtor refused to meet, greet and establish any communication...property protection identification.

(d) A substantial amount of "neighborhood embarrassment (photos available). Listing the property was not ready to be marketed. Was not in shape - many physical defects. Failed to disclose to buyer of real property and failed to disclose any level of communication to the owners.

(e) Forced the owner of his home out (working with the State of California). Lee A. Stricklin, Senior Owner was forced to move to a *disapproved neighborhood*

The senior residential living condition were lowered, sharing room with x-alcoholics, SSI drug lifestyle, re-entry convicts. I finally to receive the nursing and required care eventually had to pay $5,000.00 per month. When the man owned his own home. The Legal Senior for Seniors and Honorable Sandra L. Margulies, realized the significance of his care. All these Defendants with the robbed the Defendant.

Under *California 10177.3 (a)* No licensee shall knowingly or intentionally *misrepresent the value of real property*. (b) No licensee that offers or provides an opinion of value of residential real property that is used as the basis for the origination of a mortgage loan shall have a prohibited interest in that property, within the meaning of Section 226.42(d) of Title 12 of the Code of Federal Regulations and the accompanying commentary contained in Volume 75 of the Federal Register, page 66554, dated October 28, 2010

    a. Failure to state a claim of defense and not proving in profession arena an affirmative defense...in particular a United States administrative agency

    b. Defendants' failure professional manages "written analysis" by production of judicial summary statement re. Business foundation [the why, where and how justification necessary to law] realtor specialist and USN judicial support to contest reasonably or unreasonably the breached duty of care on charges; none accountability of spending, none provisioning of 2013-2014.

    c. This federal DOJ controlled "veil of fraud" pursued against women (with the conspirator admitting ten (10) plus disgruntle opposite sex spouses). Unabashedly, narcissistically scienter and malice

    d. Was nothing to do with romance but relative to envy and "competition against females general?" However, "racial intimidation 42 U.S.C. 1981 and 42 U.S.C. 1983 based on "gender conversion embarrassment" to satisfy conspirator remaining

e. U.S, USN DOJ incurred liability of deceased Public Entity {executive racially 'preempting "racial gender civil rights and human rights. All defendants aware and portrayed in individual capacity dangerous conditions within the meaning of electronic assumed "Karen Tele-direct where. "Further within the meaning executive falsely professes of Black female misbehavior...Black female underrepresented communities based on race...and this happened with others in the US military, cyber and

f. And Defendants failure to "inspect feeble misbehavior, failure to inform professional(s) up line public entity "work routine" interference of unsafe subjective 42 U.S.C. 1981/1983 racial gender stereotype defamation to take senior residence.

For the above reasons and attached "Opposition to Dismissal" Plaintiff does not want to waste valuable time. Plaintiff in her possession copies of Defendant evidence [Soft Notes Superior Court Department 23 County of Alameda 1998 re. P-250726) et. Al Bank of American, Railroad Retirement "unaccounted spending."

Today I ask the District *Court Order* Rule 56 Summary of Judgement and Two Defendants (Will Require Default By Not Responding) Receipts, Check Receipts and move all issues into based on claimant available Court Related Documents. Hence forth seek "Order to Commence Settlement."

Dated: December 20, 2023

Signed By Alivia J. Stricklin, Plaintiff

Plaintiff Pro per