United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE A STRICKLIN, Deceased and ALIVIA J. STRICKLIN, Guardian Trustee,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, on behalf of deceased J. H. Glazer, et al.,<br><br>Defendants. | Case No. 23-cv-04870-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; VACATING HEARING; STRIKING OPPOSITION; AFFORDING PLAINTIFF LEAVE TO AMEND; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court are the following motions: (1) defendant Michael Young's ("Young") "Motion to Dismiss for Failure to State a Claim," filed November 20, 2023,[1] and (2) defendants J. H. Glazer and C. J. Schaef's (hereinafter, "Federal Defendants") "Motion to Dismiss," filed December 4, 2023.[2] Plaintiff Alivia J. Stricklin has filed opposition thereto. The Court, having read and considered the papers filed in connection with said motions, finds the matters suitable for determination thereon, VACATES the hearing scheduled for January 12, 2024, and rules as follows.

At the outset, the Court notes that, under the Local Rules of this district, oppositions to the motions to dismiss were due no later than December 4, 2023, and

---

[1] In the caption of the Complaint said defendant is listed as "Mr. Michael Younge, Probate Specialist" and in the body of the Complaint said defendant is listed as "Mr. Michael Young Company Unknown Probate Specialist." (See Compl. at 4.)

[2] In the caption of the Complaint the two Federal Defendants are listed as "United States of America, on behalf of deceased J. H. Glazer" and "Official Counsel USN C. J. Schaef FTCA Counsel," respectively.

1  December 18, 2023, respectively.  See Civil L.R. 7-3(b) (providing "opposition must be
2  filed and served not more than 14 days after the motion was filed").  Plaintiff's Opposition,
3  filed December 27, 2023, was not timely filed and, consequently, is hereby STRICKEN.
4  As set forth below, however, even if the Court were to consider the Opposition, the
5  Court's findings herein would remain unchanged.

6  First, to the extent the Complaint asserts claims on behalf of Lee A. Stricklin, who
7  is deceased, the Court finds persuasive Young and the Federal Defendants' argument
8  that each such claim is barred by the applicable statute of limitations.  In particular, under
9  California law, a survival action must be commenced "before the expiration of the later of
10 the following times:  (a) [s]ix months after the person's death [or] (b) [t]he limitations
11 period that would have been applicable if the person had not died."  See Cal. Civ. Proc.
12 Code § 366.1.  Here, the decedent passed away on March 17, 2003 (see Doc. No. 1-2 at
13 5), and, as defendants correctly note, the longest limitations period applicable to the
14 claims in the Complaint is four years, the period applicable to plaintiff's claims asserted
15 under § 17200 of the California Business and Professions Code.  See Cal. Bus. & Prof.
16 Code § 17208; see also 42 U.S.C. § 3613(a)(1)(A); Cal. Civ. Proc. Code .§ 335.1.
17 Consequently, even assuming the claims plaintiff brings on behalf of the decedent
18 accrued on the date of his death, the limitations period expired on March 17, 2007, more
19 than sixteen years before plaintiff filed the Complaint.  Plaintiff, in her opposition, cites no
20 authority to the contrary, and there are no allegations in the Complaint from which one
21 can infer an exception to the statute of limitations exists.  See Udom v. Fonseca, 846
22 F.2d 1236, 1238 (9th Cir. 1988) (holding, "[i]n order to invoke the benefit of tolling, the
23 plaintiff must allege facts that, if believed, would provide a basis for tolling").

24 Next, to the extent the Complaint asserts claims on behalf of plaintiff herself, the
25 Court agrees with Young and the Federal Defendants' argument that the Complaint fails
26 to comply with Rule 8(a) of the Federal Rules of Civil Procedure.  Pursuant to Rule 8(a),
27 a complaint must include "factual content that allows the court to draw the reasonable
28 inference that the defendant is liable for the misconduct alleged."  See Ashcroft v. Iqbal,

United States District Court
Northern District of California

556 U.S. 662, 678 (2009).  The Complaint here includes no facts from which one can ascertain the nature of the conduct plaintiff is asserting caused her to sustain an injury or incur a loss, let alone determine how any defendant is responsible for such conduct, and plaintiff, in her opposition, fails to shed any light on the nature of any claim she is bringing in her individual capacity.

Accordingly, the Complaint is subject to dismissal to the extent it is brought against the moving defendants.  Further, as the grounds for dismissal set forth above apply equally to defendant Margurite Stricklin, the only defendant who has not appeared, plaintiff's claims against said defendant likewise are subject to dismissal.  See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding, where motion to dismiss is granted as to moving defendants, court may dismiss complaint "as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants").

Lastly, given the dismissal of the Complaint in its entirety, plaintiff's "Motion to Request for Summary Judgment Rule 56," filed December 27, 2023, will be denied as moot.[3]

**CONCLUSION**

For the reasons stated above, the motions to dismiss are hereby GRANTED, the Complaint is hereby DISMISSED, and plaintiff's motion for summary judgment is hereby DENIED as moot.

Should plaintiff wish to file a First Amended Complaint for purposes of curing the above-referenced deficiencies or for other purposes, any such amended complaint shall be filed no later than February 2, 2024.

In light of the above, the Case Management Conference is hereby CONTINUED

---

[3] Additionally, plaintiff's motion is procedurally deficient, as it was not noticed for hearing at least "35 days after filing of the motion."  See Civil L.R. 7-2(a).

from January 12, 2024, to April 5, 2024, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than March 29, 2024.

**IT IS SO ORDERED.**

Dated: January 4, 2024

_____
MAXINE M. CHESNEY
United States District Judge