**Alivia J. Stricklin, Pro per**
P. O. Box 1495
Monterey, CA 93942
831-220-5720
email: jason21jeneen5194@yahoo.com

MAR 28 2024

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ALIVIA J. STRICKLIN,

Plaintiff,

vs.

UNITED STATES OF AMERICA, C.J. SCHAEF, USN. DOJ, MICHAEL YOUNG COMPANY (SF0, M. STRICKLIN DOJ.

Case No.: **23-cv-04870-MMC**

**PLAINTIFF'S APPEAL BRIEF OPPOSITON TO DISMISS, AMENDMENT, AND CASE MANAGEMENT FRCP 16 & 26**

Plaintiff's Brief and Opposition to Dismiss

## Table of Contents

Introduction

Jurisdiction and Standing

Prejudgment Interest

California Uniform Trust Code 603

Argument (1)

Plaintiffs' Pleading is Timely and Justiciable

Clean Hands Equitable Doctrine

California and Defense of Latches

Latches and Applicable Statute of Limitations

California Latches and Fraud

Plaintiffs Are Not Barred By Latches

The District Court Drawing From Record (2)

Title II of the Civil Rights Act 1964

The District Court and Extreme Excessive

Defendants' Interference Nullification Previous [P-250726]

Amendments 23-cv-23-04870 (3)
& Inclusion of Fed. R. Civ. Pro. Rule 16, Rule 26

In conclusion (4)

Introduction

The petitioner, Alivia attempted from 1982/3 through 2017. Unknowingly a number of year the judge advocate took part in carving out injury, defamation number of mixed problems. Official C. J. Schaef 2015, (false authentication Poughkeepsie New York, and 2017 agency (USN) deceptive denial but claimant was concerned. While official denies in the context of desktop "As-applied" specific unconstitutional all events connect *to late employment of federal* principal conspirator federal where injuries acts [commenced following part-time USNR duty]. Only one defendant is familiar with *Plaintiff late Lee Senior* and (no one associated with the principal conspirator orchestrator. The aligned defendants all qualified this fraud for financial gain quick returns.

Jurisdiction and Standing

To establish standing, movant need only show that: (1) he has suffered an "injury in fact" that is concrete and particularized, as well as actual and not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely the injury will be redressed by the relief requested. *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). He easily meets each requirement. The original referenced undisputed evidence of a 13 particularized and cognizable injury.

This injury is directly traceable to the deceased Mr. Lee A. Stricklin Sr., challenged action by Defendants, The deceased senior was forced out of his

residence by "federal conspiracy." Injury would be redressed by the relief requested—an injunction affording him access to the public accommodation. Nothing more is required to demonstrate standing.

Prejudgment Interest

Basis for Subject Matter Jurisdiction, Article III Case or Controversy the threshold of Due Process and Alameda County Superior Court matter P-250726. All events by defendants fell into accord consequent to this hearing matter [however more, closely conspired to handicap a single senior widower Revocable Trusts assets interest substituted and passed-off by intentional misrepresentation during the early eighties.

California Uniform Trust Code 603

UTC is not binding in all States, attempts to standardize "law of trusts falls under the Uniform Trust Code 603. The Default Rules apply only of terms of trust fail Section 105, the inclusion of a comprehensive Article on representation of Beneficiaries [Article 3]. *Trust Code 603*, revocable trust and fiduciary accountability, *Grayson M. P. Couch Uniform Trust Statute 603* and its no uniform counterparts do not necessarily prevent the beneficiaries from holding the trustee accountable for breaches of trust occurring during the settlor's lifetime.

**Argument (1)**

Plaintiffs Pleading Is Timely and Justiciable

California *see generally* ***Magic Kitchen LLC v. Good Thins Int'l Ltd., 63 Cal.Rptr.3d 713, 726 (Cal. App.2007).*** It is no way this "delay would have benefited me the movant/ plaintiff to the detriment of the defendant, for example, *when the plaintiff delays bringing suit as a way of taking advantage of the defendant's labor not introduced to surprises*. Laches is an equitable doctrine "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. **Directv, *Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007).*** A motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove not set of facts in support of his claim which would entitle him to relief."

Clean Hands Equitable Doctrine

Defendant(s) State and Realtor take was a premeditated breach where the " ***executor engaged in*** continuous breaches of his/her fiduciary duty, however, the court refused to apply laches, indicating that "[a] party seeking equitable relief must come before the court with ***clean hands***." In re ***Estate of Aiello, 993 A.2d 283, 287-88 (Pa. 2010)*. In re Estate of Devine, 910 A.2d 699, 702 (Pauper. 2006). See Also,** In General i. Federal Circuit. *LaForge & Budd Constr. Co. v. U.S., 48 Fed.Cl. 566, 571 (Fed.Cl. 2001).* When a plaintiff is arguing that his delay was not unreasonable, "[t]he court must 'consider and

weigh any justification offered by the plaintiff for its delay'" (citing ***A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1033 (Fed.Cir. 1992)*** *(en banc))*.

<u>California and Defense of Latches</u>

California. ***Golden Gate Water Ski Club v. County of Contra Costa, 80 Cal.Rptr.3d 876, 890 (Cal.App. 2008).*** The defense of laches is not available when it would nullify an important public policy (that is, preserving open space) adopted for the benefit of the public. Plaintiffs are more likely to avoid a laches defense when they can plead a legal disability or other circumstances demonstrating why they should not otherwise have been expected to enforce their rights judicially.

<u>Laches and Applicable Statute of Limitations</u>

If statute of limitations bars the claim, resort to laches is generally not necessary, but the limitations period may still be pertinent to a laches analysis. Fourth Circuit. See generally ***Barnhart v. Western Md Ry. Co., 128 F.2d 709, 714-15 (4th Cir. 1942), cert. denied, 317 U.S. 671 (1942).*** Cause of action occurred in 1922, but the suit came in 1941. The relief sought was a mixture of legal and equitable remedies, so the court used a statute of limitations to dismiss the case. If the relief sought was entirely equitable, however, the statute of limitations would apply "by analogy," and "there is no reason why one proceeding should be barred and not the other.

Unsurprisingly, laches is more likely to be successful as a defense the longer the period of time that has passed since the offending conduct. i. California. ***Baxter v. King, 274 P. 610, 610 (Cal.Dist.App. 1929)***. In an action to have a trust declared in real property and asking for an accounting as to rents and income derived from the property, court determined a 40-year delay ...without attempt to explain the delay mandated judgment for the defendant under laches.

California Latches and Fraud

California. *See* generally ***Ogier v. Pacific Oil & Gas Dev. Corp., 282 P.2d 574, 581 (Cal.Dist.App. 1955).*** After discovering defendant's fraud, plaintiff engaged in negotiations with defendant. When negotiatetons failed, plaintiff sued. In rejecting laches, the court decided, "Where a party protests promptly on discovering that he has been defrauded...and enters into negotiations for a...settlement which fail, a complaint filed within a reasonable time...is not barred"

Plaintiff's Claims Are Not Barred by Laches

Elements of the defense and practical considerations. Latches is an equitable defense to delayed claims. California. See generally In re ***Marriage of Fogarty & Rasbeary, 93 Cal.Rptr.2d 653, 657 (Cal.App. 2000).*** "Laches is an equitable defense to the enforcement of stale claims." *Indiana.* ***Bender v. Bender, 844 N.E.2d 170, 184 (Ind.App. 2006***). In a case involving a personal representative of an estate engaged In self-dealing, the appellate court

concluded that the probate court did not abuse its discretion when determining their was no unreasonable delay. The court indicated that the doctrine of laches is equitable.

**The District Court Discretion Not Drawing From Record**

(2)

<u>Title II of the Civil Rights Act of 1964 Broad Scope of 1983</u>

New York Times v. Sullivan stands for the principle that an action for defamation b rough by the/a public official requires a showing. (1) False, or (2) made with reckless disregard for the truth or falsity of the statement. As to individuals, principles of civility used to dictate calling someone "liar was at one time enough to infringe on reputation."

Mislabeling a person's name *Smith v. Montaro*, United States *Court of Appeals for the Ninth Circuit 648 F.2d 602 (1981).* And none recognition of a previous matter. The California courts usually rely on the Restatement (Second) of judgments (1982) when resolving collateral estopped questions. In *General Electric Co. v. Joiner, 522 U.S. 136 (1997),* the Supreme Court held that abuse of discretion standard is the proper standard to use when review of evidentiary rulings, including whether to admit or exclude expert testimony.

The Federal District Courts Job Is To
Weigh Extreme and Excessive

The Courts job is to weigh the evidence when deciding a motion for summary judgment, but to determine if there is a material fact in dispute. The ***Supreme Court in 2007 held in Scott v. Harris***, however, that a trial court should not adopt a party's version of the facts when the record "blatantly contradicts" it such that a reasonable jury could not believe it. While claimant's Summary Judgement didn't meet the undisputed challenge the Court standard of review.

Defendants Nullification Interference and P-250726

Obviously all this omission and mishandling is contingent and purpose for this fraud matter. Lawful *Uniform Trust Code 603* documentation key. Once a judgment is entered, trial courts lose jurisdiction to set aside or amend the judgment except in accordance with statutory procedures No changes needed to be completed, initiated reason for pleading. (APRI Ins. Co. v. Superior Court (1999) 76 Cal. App.4th 176; Rochin v. Pat Johnson Mfg. Co. 1998) 67 Cal.App. 4th 1228, 1238.).

**Amendments 23-CV-04870-MMC (3)**

Document No. 1Original Pleading No *Change Required.* Document No. 2 [USN Matter to correct expunge. "H" ]. Document No. 3 – Wrongful Survival Barred Statute of Limitations. Completion of First Case Management Fed. R. Civ. Proc. Rule 16 and Rule 26. Under consideration Request for Claim to Reassignment "Chief Justice Only." Defendants Attached Discovery Affidavits.

**In Conclusion (4)**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss and remand and reassignment."

Dated this Day of 20, March 2024

Alivia J. Stricklin, Pro per 3/20/24

Attachments