IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE A STRICKLIN, et al.,<br><br>  Plaintiffs,<br><br> v.<br><br>J H GLAZER, et al.,<br><br>  Defendants. | Case No. 23-cv-04870-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR DISQUALIFICATION AND FOR RECONSIDERATION** |

  By order filed January 4, 2024, the Court granted defendants' respective motions to dismiss the Complaint in the above-titled action and afforded plaintiff Alivia J. Stricklin ("Stricklin"), who proceeds pro se, leave to file a First Amended Complaint ("FAC") no later than February 2, 2024.  By order filed February 7, 2024, the Court dismissed the instant action, as Strickland had not filed an FAC.

  The Court is now in receipt of the following documents, each filed by Stricklin on March 28, 2024:  (1) "Chief Justice San Francisco Notice of Motion and Motion for Disqualification of Subject Justice 28 U.S.C. Statute 455" ("Motion for Disqualification"); (2) "Plaintiff's Appeal Brief Opposition to Dismiss, Amendment, and Case Management FRCP 16 & 26" ("Opposition Brief"); and (3) "Plaintiff's Joint Case Management Statement & [Proposed] Order" ("Case Management Statement").  The Court, having read and considered the above-referenced filings, hereby rules as follows.

  First, in her motion for disqualification, Stricklin expresses dissatisfaction with the order granting defendants' motions to dismiss.  The Supreme Court has made clear, however, that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and "can only in the rarest of circumstances evidence the degree of

favoritism or antagonism required . . . when no extrajudicial source is involved."  See Liteky v. United States, 510 U.S. 540, 555-56 (1994) (finding, where motion to disqualify was based on judge's rulings and comments during court proceedings, "[n]one of the grounds petitioners assert[ed] required disqualification").  The "recusal statute 'was never intended to enable a discontented litigant to oust a judge because of adverse rulings,'" see Liteky, 510 U.S. at 549 (quoting Ex Parte American Steel Barrel Co., 230 U.S. 35 at 44 (1913)), and, here, Stricklin's motion does no more than set forth her disagreement with an adverse ruling.

Accordingly, the motion for disqualification is hereby DENIED.

Next, in her Opposition Brief, which filing the Court construes as a motion for reconsideration of the order dismissing the Complaint, Stricklin primarily sets forth assertions of law, several of which are inapplicable to her claims and/or to the arguments made in defendants' motions to dismiss.  In any event, Stricklin does not set forth in her filing any cognizable basis for reconsideration.  See Fed. R. Civ. P. 60(b) (providing grounds on which motion for reconsideration can be based).

Accordingly, the motion for reconsideration is hereby DENIED.

Lastly, the Court takes no action with respect to the Case Management Statement, as the Case Management Conference, which had been scheduled for April 5, 2024, has been vacated in light of the dismissal of the instant action.

**IT IS SO ORDERED.**

Dated: April 2, 2024

MAXINE M. CHESNEY
United States District Judge